UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LANCE GARRETT BARTHOLOMEW | CIVIL ACTION |
| VERSUS | NO. 12-2091 |
| ORBON M. TINSON, ET AL. | SECTION "R"(3) |

## REPORT AND RECOMMENDATION

Plaintiff, Lance Garrett Bartholomew, a state inmate, filed this civil action pursuant to 42 U.S.C. § 1983. He sued Warden Orbon M. Tinson, Sheriff Lonnie Greco, and Judge Michael Clements. In this lawsuit, plaintiff claims that he has been illegally arrested and detained. As relief, he seeks monetary damages and release from incarceration.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

## II. Plaintiff's Claims

In this lawsuit, plaintiff claims that he appeared before Judge Michael Clements of the Louisiana Twenty-Fifth Judicial District Court on June 13, 2012. During that hearing, plaintiff's attorney requested that Judge Clements recall an outstanding warrant; however, the judge instead ordered that plaintiff be arrested. Plaintiff alleges that the judge's order was vindictive and was precipitated by plaintiff's refusal to agree to pay additional restitution in another case. Plaintiff later unsuccessfully tried to meet with Warden Tinson to explain that he was being wrongfully detained; however, Tinson simply relayed a message to plaintiff that he was being held based on a court order and that he had a scheduled court date.

### A. Claims for Monetary Damages

Plaintiff has sued Judge Michael Clements, Sheriff Lonnie Greco, and Warden Orbon M. Tinson. However, all of those defendants are protected against plaintiff's claims by absolute immunity.

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

As to Judge Clements, it has long been held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Brandley v. Keeshan, 64 F.3d 196, 200 (5th Cir. 1995) (absolute immunity applies even where judge's "exercise of authority is flawed by grave procedural errors" or where the judge "took action maliciously or was in excess of his authority"); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit."). The United States Supreme Court has explained: "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). Further, judicial immunity is clearly applicable in federal civil rights cases. Stump v. Steward, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554-55 (1967).

The Supreme Court has recognized only two instances in which judicial immunity is inapplicable:

> [O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

Mireles, 502 U.S. at 11-12 (citations omitted).

4

Neither of those exceptions applies in this case. Regarding the first exception, the Supreme Court has explained:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Stump, 435 U.S. at 362. The acts at issue here, presiding over plaintiff's state court proceedings, obviously involved a function normally performed by a judicial officer. Further, plaintiff was clearly dealing with Judge Clements in his judicial capacity. Regarding the second exception, there is no question that Judge Clements had jurisdiction over plaintiff's criminal proceedings. Accordingly, the claims against Judge Clements are barred by his absolute judicial immunity.

Because Sheriff Greco's arrest of plaintiff and Warden Tinson's continued detention of plaintiff are directly based on Judge Clements' judicial order, Greco and Tinson are likewise protected by absolute immunity. The United States Fifth Circuit Court of Appeals has clearly and expressly held that "an official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction." Mays v. Sudderth, 97 F.3d 107, 113 (5th Cir. 1996). The Fifth Circuit explained:

> The significant reasons underlying the grant of absolute immunity to those officials who carry out the facially valid orders of a court with proper jurisdiction are not difficult to discern. Enforcing or executing a court order is intrinsically associated with a judicial proceeding. As the Eighth Circuit has observed in addressing the immunity afforded prison wardens for continuing to incarcerate a prisoner pursuant to a valid court order, absolute immunity is essential to insure the fearless and unhesitating execution of court orders necessary if the court's authority and ability to function are to remain uncompromised. Indeed, not only may the threat of litigation impede an official's compliance with judicial orders, but fear of

5

> bringing down litigation on the official might color a court's judgment in some cases. Moreover, because judges are absolutely immune from suit for judicial actions taken pursuant to their jurisdiction, to deny similar protection to government officials executing their orders would render the officials lightning rods for harassing litigation aimed at judicial orders. We note, moreover, the unfairness of imposing liability in this context – an official charged with executing a facially valid court order has no choice but to do so. Government officials should not be required to make the Hobson's choice between disobeying the court order or being haled into court to answer for damages. To hold otherwise would require sheriffs and other court officers enforcing facially valid orders to act as pseudo-appellate courts scrutinizing the orders of judges. Such a result is obviously untenable.

Id. at 112-13 (citations, footnote, quotation marks, and brackets omitted).

For these reasons, plaintiff cannot recover monetary damages against the named defendants for their actions in ordering his arrest, arresting him, and detaining him.

### B. *Habeas Corpus* Relief

Plaintiff has also requested that the Court order his release. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994).

To the extent that the instant civil rights complaint should be construed in part as a *habeas corpus* petition, plaintiff is not entitled to relief. A state prisoner must first exhaust available state court remedies before seeking *habeas corpus* relief pursuant to either 28 U.S.C. § 2241 or § 2254. Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); Johnson v. Louisiana, Civ. Action No. 08-4274, 2009 WL 960564, at *2 n.2 (E.D. La. Apr. 7, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *2 n.3 (E.D. La. Jan. 25, 2008); Howard v. Vedros, Civil Action No. 94-

0426, 1994 WL 117781 (E.D. La. Mar. 25, 1994).[3]  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). On October 4, 2012, a staff member of this Court confirmed with the Clerk of the Louisiana Supreme Court that plaintiff has filed no applications with that court.  Accordingly, plaintiff has not met the exhaustion requirement, and his federal *habeas corpus* claims should therefore be dismissed without prejudice.[4]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's *habeas corpus* claims be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[3]  A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); see also Tigner v. Cockrell, 264 F.3d 521, 526 n.3 (5th Cir. 2001); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997).

[4]  Of course, plaintiff is not precluded from filing a timely application for federal *habeas corpus* relief in the future once he has exhausted his state court remedies.

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this twenty-fifth day of October, 2012.

                                                 **DANIEL E. KNOWLES, III**
                                                 **UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.