UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LANCE GARRETT BARTHOLOMEW                      CIVIL ACTION

VERSUS                                         NO: 12-2091

ORBON M. TINSON, ET AL.                        SECTION: R

## ORDER

Before the Court is Lance Garrett Bartholomew's civil action filed pursuant to 42 U.S.C. § 1983, which includes his petition for a writ of habeas corpus.[1] Also before the Court is the Magistrate Judge's unopposed Report and Recommendation, which suggests that Bartholomew's § 1983 claim be dismissed with prejudice due to the absolute immunity of defendants and that his habeas corpus petition be dismissed without prejudice for failure to exhaust state court remedies.[2] The Court, having reviewed *de novo* the petition, the applicable law, and the Magistrate Judge's Report and Recommendation, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

The defendants against whom Bartholomew has filed suit under § 1983 are protected by the absolute immunity afforded to judges and individuals enforcing or executing court orders. *See Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996). Regarding Bartholomew's habeas petition, exhaustion of state court remedies

---

    [1]    R. Doc. 3.

    [2]    R. Doc. 5.

is not mandated by statute in pre-trial situations. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). But, the Fifth Circuit Court of Appeals has held that a federal court should not exercise its jurisdiction over habeas petitions if "the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id.* (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)). Bartholomew indicated in his petition that a court date has been set,[3] at which time the state court will address the charges on which Bartholomew is held. Moreover, there is no evidence before the Court that defendant has attempted to raise the issues in his petition through available state procedures. Therefore, it is not appropriate for the Court to exercise jurisdiction over Bartholomew's habeas petition at this time. Accordingly, Lance Garrett Bartholomew's § 1983 claim is DISMISSED WITH PREJUDICE, and his petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

Further, the Court will not issue a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the

---

[3] R. Doc. 1 at 6.

court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that 28 U.S.C. § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Bartholomew has not made a substantial showing of the denial of a constitutional right. Further, the issues would not engender debate among

reasonable jurists. The Court therefore will not issue a certificate of appealability.

New Orleans, Louisiana, this 12th day of December, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE